UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICIA M. FOX,

        Plaintiff,

                              Case Number 11-14723
v.                             Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____ /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

This case arises from an application for social security benefits filed by Plaintiff Patricia Fox. Defendant Commissioner of Social Security denied the application. R. at 92. Plaintiff then requested a hearing before an Administrative Law Judge. A hearing was held on October 4, 2010, with Administrative Law Judge Jerome B. Blum presiding. R. at 35. Judge Blum issued a partially favorable decision on November 18, 2010. R. at 24. He found that Plaintiff was disabled from Febraury 20, 2008 through April 7, 2009; but was not disabled thereafter due to medical improvement. R. at 18-21. Plaintiff appealed that decision to the appropriate Appeals Council, but her request for review was denied. R. at 1. This appeal followed. Currently before the Court are cross-motions for summary judgment filed by both Plaintiff and Defendant. ECF Nos. 7, 9.

At issue is whether Judge Blum's decision is supported by substantial evidence. Concluding that it is, Magistrate Judge Charles E. Binder issued a report recommending that the

Court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and dismiss Plaintiff's complaint.

Within fourteen days after being served with a copy of a report and recommendation, any party may file written objections. 28 U.S.C. § 636(b)(1). The district court "shall make a de novo determination of those portions of the report . . . to which objection is made." *Id*. The Court is not obligated to further review the portions of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

Plaintiff timely filed one objection to Judge Binder's report concerning Judge Blum's credibility assessment of Plaintiff. ECF No. 13. During Plaintiff's hearing on October 4, Judge Blum commented that she was "a very credible lady." R. at 66. However, in his written report, Judge Blum determined that Plaintiff's statements concerning her limitations after April 8, 2009 were not credible in light of her relevant medical history. R. at 22.

In his report and recommendation, Judge Binder concluded that Judge Blum's statement during the hearing was not a formal finding of credibility, but rather a "conversational kindness." ECF No. 12. Judge Binder therefore relied on the credibility assessment Judge Blum included in his written report, that some of Plaintiff's statements were not credible. *Id.* In her objection, Plaintiff argues that Judge Blum's comment during the hearing was a formal conclusion as to her credibility, and Judge Binder's failure to treat it as such was error.

Plaintiff is entitled to "fresh consideration" of those portions of the record which are relevant to her objections. *See generally* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3070.2 (2d ed. 1997 & supp. 2010). After considering Plaintiff's objection, however, the Court agrees with Judge Binder's determination. Despite Judge Blum's comment during the hearing that Plaintiff was a credible person, he found her specific statements

-2-

concerning the "intensity, persistence, and limiting effects of [her] symptoms" not credible to the extent they were inconsistent with the medical evidence in the case. R. at 22. Substantial evidence supports his conclusion.

Accordingly, the Court will adopt the report and recommendation, deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and dismiss Plaintiff's complaint.

**I**

The Court reviews the administrative law judge's decision to determine whether the findings "are supported by substantial evidence." *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990) (citing 28 U.S.C. § 405(g)). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A district court does not resolve conflicts of evidence or issues of credibility. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). If the administrative law judge's decision is supported by substantial evidence, it must be affirmed, even if substantial evidence supports the opposite conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

As such, it is not this Court's role to determine whether Plaintiff is credible. The Court's only role is to determine if Judge Blum's finding — that Plaintiff's statements concerning her limitations after April 8, 2009 were not credible — is supported by substantial evidence.

**II**

Plaintiff is a fifty-two year old woman with a high-school level education. R. at 42. She was married in 1984, and began working in a bowling alley with her husband that same year. R. at 43. At the bowling alley, Plaintiff was a waitress and bartender, helped with hiring and firing,

and performed many of the necessary tasks to keep the business running. R. at 43. In 2008, Plaintiff began occasionally passing out and having seizures. R. at 43-44, 377. The cause of her symptoms was determined to be a benign brain tumor. R. at 44, 309. Ghaus M. Malik, M.D., performed a successful craniotomy and removed the tumor on February 28, 2008. R. at 45, 224. Plaintiff subsequently experienced brain swelling, acute decline in neurological findings, increased headaches, and vision loss. R. at 278, 331-32, 336, 343, 377. In April 2008, Plaintiff underwent another procedure to install a shunt. R. at 45-46, 275, 327.

### A

Initially after the surgeries, Plaintiff felt "[h]orrible." R. at 46. She couldn't drive, work, or perform many of the tasks she had before surgery. R. at 46. However, based on Plaintiff's medical reviews, things improved over the next few months. On June 17, 2008, Plaintiff was examined by William Carion, M.D., and reported that she was feeling very well and walking about a mile at a time. R. at 275. Three days later, she reported to Dr. Harzfeld, M.D., chief resident for Dr. Malik, that she was not experiencing headaches or seizures, and was "back to her daily activities of living." R. at 327.

In July 2008, Plaintiff went back to Dr. Carion, and reported intermittent fatigue, but also stated that "she [was] exercising, doing aerobics and doing better very [sic] day." R. at 286. On October 13, 2008, Plaintiff was again reviewed by Dr. Carion. He noted that she had normal mentation and gait, that she appeared to be in no distress, and that she had "done remarkably well over the past six months." R. at 285. By February 2009, Plaintiff had returned to driving, R. at 47, and by April was back to part-time work at the bowling alley. R. at 154.

**B**

In an Adult Function Report on April 8, 2009, Plaintiff described her daily physical functioning. *See* R. at 154-161. She indicated that each day she made her bed, did laundry, attempted to work for a few hours, watched television, and visited with family. R. at 154, 156. She had no problems with performing personal care on her own. R. at 155. Plaintiff maintained she was able to prepare food, and spent approximately two hours cooking and cleaning three to five times each week. R. at 156. She also indicated she walked outside, up to a mile without rest, as often as possible, R. at 158, 159, could go shopping for groceries for a couple of hours at a time, R. at 157, and attended church every Sunday. R. at 158.

On June 10, 2009, Plaintiff was evaluated by Patricia Madej, Ph.D. *See* R. at 355-358. In describing one of her days, Plaintiff indicating she made her bed, did laundry, cleaned, worked the lunch hour at the bowling alley, went to her mom's house to visit with her parents, went back to work around 6:00 p.m., sat with customers, watched a Redwings game, went home between 8:00 and 9:00 p.m., and was in bed by 10:30 p.m. R. at 356. Dr. Madej described Plaintiff's motor ability as unimpaired, and wrote that her "thought processes were well organized and goal directed. No evidence of word retrieval or word naming problems noted." R. at 356. Overall, Dr. Madej gave Plaintiff a "good" prognosis with supportive therapy. R. at 358.

Later in June, Plaintiff's file was reviewed by Leonard Balunas, Ph.D., a state agency psychological expert. Dr. Balunas opined Plaintiff was either not significantly limited, or only moderately limited, in all areas of mental work activity. R. at 359-360. Further, it was Dr. Balunas' opinion that Plaintiff was able to perform "unskilled work involving 1 and 2 step instructions with limited need for sustained concentration and only occasional, minor changes in

the work setting." R. at 361. A subsequent neurological exam by Beejal Amin, M.D., a resident for Dr. Malik, indicated that Plaintiff's motor exam showed her at full strength. R. at 181.

Finally, Gerald F. Winkler, M.D., reviewed Plaintiff's records on July 3, 2010. Based on Dr. Winkler's review, Plaintiff "started doing more in September 2008 and was no longer at a physical or mental listing level at least by April 8, 2009." R. at 379. Dr. Winkler established that Plaintiff was to be evaluated under the 12.02 listing. R. at 379. He reported, "It is clear that the [Plaintiff] did not meet the B criteria of 12.02 by April 8, 2009 because her reported level of activity was inconsistent with marked restriction of the activities of daily living, marked difficulties in maintaining social functioning or marked difficulties in maintaining concentration, persistence, or pace." R. at 379.

### III

On November 25, 2008, Plaintiff filed an application for social security disability benefits, beginning February 20, 2008. R. at 15. The claim was denied on July 9, 2009. R. at 15. Then, on August 3, 2009, Plaintiff timely filed a written request for hearing, which was held October 4, 2010. R. at 15.

During the hearing, an emotional Plaintiff testified concerning her disability and how she was limited. *See* R. at 42-72. According to Plaintiff, it was her memory and anxiety that would prevent her from working. R. at 71. Plaintiff's husband also testified, and echoed her reported limitations and memory problems. R. at 75-79.

James Fuller also testified at the hearing. He is a vocational rehabilitation counselor who testified as a vocational expert. R. at 85. He described Plaintiff's past work at the bowling alley as a combination of light, skilled work and light, unskilled work. R. at 85. Mr. Fuller then listed 80,000 available cashier and sales attendant jobs in the Detroit area, with 160,000 available

statewide, that would be similar to Plaintiff's past work.  R. at 86-87.  Mr. Fuller listed these jobs as light, unskilled work, but went on to say that if Plaintiff's testimony concerning her memory impairment was taken as true, she would not be able to do the work.  R. at 87.

Administrative Law Judge Blum reviewed all of the evidence, and pursuant to 20 C.F.R. 404.1594(f)(7), found that Plaintiff's disability had ended as of April 8, 2009.  R. at 24.  After considering the evidence in the record, Judge Blum determined that while Plaintiff's medical impairments could reasonably produce her alleged symptoms, her "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible beginning on April 8, 2009, to the extent they are inconsistent with the residual functional capacity assessment . . . ." R. at 22.

On appeal, Plaintiff objects to Judge Binder's reliance on this credibility conclusion in Judge Blum's report.  ECF No. 13.  Specifically, Plaintiff maintains that Judge Blum made a contrary, formal credibility finding on the record when he noted Plaintiff was "a very credible lady."  *Id.*  Plaintiff argues that this statement should be taken together with Mr. Fuller's testimony at the hearing, and that Plaintiff should be found to be disabled.  *Id.*

### IV

Plaintiff's objection to Judge Blum's credibility finding is unpersuasive.  The credibility assessment contained in Judge Blum's written report is supported by substantial evidence, and it is consistent with his statement during the hearing that Plaintiff was credible.  That credibility finding will not be disturbed by this Court.

It is the job of the Administrative Law Judge, and not the reviewing court, to evaluate the credibility of the claimant.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).  It is well established that upon review courts are to "accord the ALJ's determinations of credibility

great weight and deference." *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 476 (6th Cir. 2003). This Court is limited to assessing whether the ALJ's explanations for discrediting the Plaintiff are "reasonable and supported by substantial evidence in the record." *Id.*

Here, Judge Blum's finding that some of Plaintiff's statements were not credible is supported and reasonable. Plaintiff claimed that her lack of stamina, faulty memory, and overwhelming anxiety would prevent her from working, and have limited her ability to work long after April 8, 2009. But the medical records demonstrate something different. Plaintiff goes outside as often as she can, and can walk at least a mile without rest. R. at 158, 159. She needs no help caring for herself. R. at 155. Each day she makes her bed, does laundry, goes to work, watches television, exercises, and visits with her family and friends. R. at 154, 156, 286. Plaintiff's records also show she can go grocery shopping on her own for hours, and attends church every week, helping out when she can. R. at 157, 158.

One day during the summer of 2009, a full year before the hearing, Plaintiff went to work at the bowling alley during the lunch hour, then to her parents' house, then back to work at 6:00 p.m. R. at 356. At the bowling alley that evening, she helped a band set-up for a show, then stayed to watch a Redwings game while sitting with customers. R. at 356. Plaintiff indicated she didn't go home until as late as 9:00 p.m. R. at 356. These facts are not consistent with the limited stamina and anxiety among crowds she reported during the hearing. R. at 59.

Further, Judge Blum's credibility determination in his report does not contradict his statement during the October 4 hearing that Plaintiff was credible. Statements concerning a plaintiff's symptoms may not alone establish disability. 20 C.F.R. § 416.929(a). Instead, statements concerning symptoms must be considered "with *all* of the other evidence" to conclude one is disabled. *Id.* (emphasis added). Although Plaintiff testified credibly, when her

-8-

testimony concerning her symptoms after April 8, 2009 was contrasted with the reliable medical evidence in the case, Judge Blum found the statements lacked credibility. "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531-21 (6th Cir. 1997). *See also Bradley v. Secretary of Health and Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988). In light of the medical records, Judge Blum's finding is reasonable, and well-supported.

V

Accordingly, it is **ORDERED** that Plaintiff's objection to Judge Binder's report and recommendation, ECF No. 13, is **OVERRULED**.

It is **ORDERED** that Magistrate Judge Binder's report and recommendation, ECF No. 12, is **ADOPTED**.

It is **ORDERED** that the defendant's motion for summary judgment, ECF No. 9, is **GRANTED**, and the plaintiff's motion for summary judgment, ECF No. 7, is **DENIED**.

It is further **ORDERED** that the determination of the Commissioner of Social Security is **AFFIRMED** and that the complaint, ECF No. 1, is **DISMISSED** with prejudice.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 30, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2012.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---